

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### No. PD-0613-08
---

**DONNY KEVIN DAVIS, Appellant**

**v.**

**THE STATE OF TEXAS**

---
## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 07-07-0025-CR FROM THE SEVENTH COURT OF APPEALS
## POTTER COUNTY
---

**HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined. KEASLER, J., concurred in the result.**

The court of appeals rejected appellant's claim that he was denied his Sixth Amendment right to the effective assistance of counsel at trial. We affirm the judgment of the court of appeals.

In August 2006, a Potter County grand jury returned an indictment charging appellant with

burglary of a habitation under Texas Penal Code § 30.02(a)(2).[1]  The indictment also alleged, for

purposes of punishment enhancement, that appellant had two prior felony convictions.

Trial under the indictment was had before a jury on appellant's plea of not guilty.  At the guilt

stage of the trial, the State presented five witnesses: Justin Schimpf, appellant's accomplice;[2]

Clifford Schraag, the complainant; Phyllis Thomas, Schraag's next-door neighbor; Thomas Miller,

an assistant manager of an Amarillo pawn shop; and Marvin Hill, an Amarillo police officer.

Schimpf testified that, on June 22, 2006, at around noon, he and appellant burglarized an

Amarillo apartment and stole, among other things, a black, slimline Sony "PlayStation 2" video-

game player.  Immediately after the burglary, according to Schimpf, he and appellant went to a "Cash

America" pawn shop, where appellant pawned the video-game player.

Schraag testified that, on the afternoon of June 22, 2006, when he returned to his Amarillo

apartment following work, he found that his apartment had been burglarized.  He testified further

that one of the items stolen was a black, slimline Sony "PlayStation 2" video-game player.  Schraag's

testimony continued:

> Q: Did you notice [appellant] around your apartment on or about the 22nd of June 2006?
>
> A: Yes.  He had been pretty much lurking there all evening.  I kept peeking out my window.  I'd see him go about–the steps are right in front of my peephole, to upstairs.  I'd see him go halfway up the steps.  This was in the middle of the night, when I woke up, and then I couldn't go to sleep.
>     I would watch him go around the back, so I'd try to peek to see what he was

---

[1]  This case has a complicated procedural and evidentiary history.  In our opinion today, we discuss only that portion of the case history that is relevant to the issue before us.

[2]  Because Schimpf's testimony implicated him in the offense for which appellant was on trial, he was an accomplice witness as a matter of law.  *Kerns v. State*, 550 S.W.2d 91, 94 (Tex.Crim.App. 1977).

doing out in the back in the dark. There was no reason for him to be back there, anyway. Then I'd see him come back in front of mine, kind of looking, trying to look in my windows, and then he'd go over to Phyllis and try to look in her windows.

\* \* \*

Q: Once you saw Mr. Davis, and there was this behavior that you described as going on all evening, did you see anything else after that, or no?

A: When I left for work in the morning, he was still out there.

Q: He was–by "still out there," where did you see him?

A: Wandering in the parking lot of the apartments.

Thomas testified that she was acquainted with appellant and that she had "seen him . . . around the apartments" on a few occasions.

Miller testified that, on June 22, 2006, appellant entered the "Cash America" pawn shop that he managed and sold to him a black, slimline Sony "PlayStation 2" video-game player.

Finally, Hill testified that the pawn shop that Miller managed was "in [the] same neighborhood as where the burglary occurred." He testified further that, during the course of his investigation of the burglary, he had asked Thomas, her neighbor Betty Sellers, and Jacob Pantoya, a maintenance worker at the apartment complex, "what they had seen that morning," and all three of them had told him "that they had seen [appellant] at the complex." Hill also testified that, during his investigation of the burglary, he had interviewed appellant. His testimony continued:

Q: And . . . what did [appellant] have to say to you [about the burglary]?

A: He stated that he had been in the area where the burglary had occurred. He had met up with a white guy that he knew just from around the neighborhood. They walked to the area where the burglary had occurred, but he stated that he did not commit the burglary. That he had gone to a different location, and a short time later the white guy that he had been with came and found him and asked him to go pawn a PlayStation that the white guy had in his possession at this time.

Q: And who [did appellant say] was this white guy?

A: That was Justin Schimpf.

Although Schimpf was obviously an accomplice witness[3] whose testimony was important to the prosecution, appellant's trial counsel did not request an instruction on accomplice-witness testimony. *See* Tex. Code Crim. Proc. art. 38.14.[4] Nor did the trial court, on its own motion, instruct the jury on accomplice-witness testimony.

After hearing all the evidence at the guilt stage, the jury found appellant guilty as charged in the indictment. After hearing additional evidence at the punishment stage, the jury assessed appellant's punishment, enhanced by two prior felony convictions, at imprisonment for 67 years.

Appellant later filed a motion for new trial, in which he argued that: (1) the trial court erred in failing to instruct the jury on accomplice-witness testimony and (2) he was denied his Sixth Amendment right to the effective assistance of counsel because his trial counsel failed to request an accomplice-witness instruction. With respect to his ineffective-assistance claim, appellant, citing *Strickland v. Washington*, 466 U.S. 668 (1984), argued that "trial counsel's failure to request an instruction on accomplice witness testimony was not the result of any plausible, sound trial strategy but rather, was [the result] of neglect." He argued further that he was prejudiced by trial counsel's deficient performance:

---

[3] *See* footnote two, *supra*.

[4] Article 38.14 provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." *See generally Gill v. State*, 873 S.W.2d 45 (Tex.Crim.App. 1994) (discussing the accomplice-witness rule).

"Schimpf's testimony was essential to the State's prosecution . . . . Because the outcome [of the guilt stage] depended so heavily on the accomplice testimony alone, defense counsel's failure [to request an instruction on] accomplice witness [testimony] allowed the jury to . . . base its verdict on Schimpf's testimony alone, without regard to the sufficiency of the corroborating evidence. Thus, trial counsel's failure . . . rendered counsel's performance . . . prejudicial to the point that . . . [t]here is a reasonable probability that the result of the proceeding could have been different but for this deficiency."

Attached to appellant's motion for new trial was an affidavit from his trial counsel, in which counsel admitted that his failure to request an instruction on accomplice-witness testimony was an inexplicable oversight and "not the result of any trial strategy."

The trial court failed to hold a hearing on appellant's motion for new trial, and the motion was eventually denied by operation of law. *See* Tex. R. App. Proc. 21.8(c).

On direct appeal, appellant argued that: (1) "the trial court abused its discretion in failing to hold an evidentiary hearing on [his] motion for new trial"; (2) "the trial court's failure to instruct the jury as to accomplice-witness testimony [was] error" and caused him "egregious" harm; and (3) trial counsel's failure to request an instruction on accomplice-witness testimony denied him his Sixth Amendment right to the effective assistance of counsel. The State argued in response that: (1) "[t]he trial court did not abuse its discretion in not having a hearing on [appellant's] motion [for new trial]" because "the trial court could . . . have passed upon the . . . motion based solely on the record"; (2) "[g]iven the state of the evidence [presented at the guilt stage], it cannot creditably be said appellant suffered egregious harm from the [trial court's failure to instruct the jury on accomplice-witness testimony]"; and (3) "[trial] counsel was not ineffective in failing to request [an accomplice-witness] instruction" because "[t]he evidence corroborating accomplice Schimpf's testimony was ample."

The court of appeals agreed with appellant that the trial court erred in failing to instruct the

jury on accomplice-witness testimony but concluded that "the error did not rise to the level of egregiousness" because "sufficient non-accomplice evidence existed to connect appellant to the burglary." *Davis v. State*, No. 07-07-0025-CR (Tex.App.–Amarillo, Jan. 4, 2008), slip op. at 5 (not designated for publication).[5] The court of appeals also agreed with appellant that the trial court abused its discretion in not holding a hearing on his motion for new trial. *Id*. at 7. To remedy the situation, the court of appeals reversed the denial of appellant's motion for new trial, abated his appeal, and remanded the case to the trial court for a hearing on his motion for new trial. *Ibid*. The court of appeals also ordered the trial court "to execute findings of fact and conclusions of law addressing [appellant's] claim of ineffective assistance." *Ibid*.

On remand, the trial court, as ordered, held an evidentiary hearing on appellant's motion for new trial. At that hearing, trial counsel testified that, during the course of appellant's trial, he "became aware" that Schimpf was an accomplice witness as a matter of law but, through oversight, he failed to request a jury instruction on accomplice witness testimony. In his words, "it just flat out did not occur" to him to request such an instruction.

At the close of trial counsel's testimony, appellant argued to the trial court that: (1) trial counsel's failure to request an instruction on accomplice-witness testimony constituted deficient performance and (2) trial counsel's failure prejudiced his defense because it allowed the jury to "convict solely on the testimony of Justin Schimpf." The State argued in response that: (1) trial

---

[5] We have found certain factual inaccuracies in the opinion of the court of appeals. For example, the court of appeals, when discussing the non-accomplice evidence, states, "[Appellant] also went to the apartment complex shortly before the burglary to collect money allegedly owed to him." There is no non-accomplice evidence in the record to support that statement. Phyllis Thomas did testify that appellant once came to her apartment and "told [her] that [her] son owed him money," but Thomas did not specify *when* appellant came to her door, nor can the time of that incident be reasonably inferred from other non-accomplice evidence.

counsel's failure to request an instruction on accomplice-witness testimony did not constitute deficient performance because it was merely "one procedural lapse" in an otherwise "spirited defense" and (2) even if trial counsel's failure did constitute deficient performance, "clearly there was no prejudice because . . . in light of all the evidence . . . it wouldn't have made any difference if . . . there had been an accomplice witness instruction."

At the conclusion of the hearing on appellant's motion for new trial, the trial court took the motion under advisement. One week later, the trial court denied the motion in a written order. In its findings of fact, the trial court stated that trial counsel's failure to request an instruction on accomplice-witness testimony "was a simple oversight, and not part of trial strategy." In its conclusions of law, the trial court stated that: (1) "[g]iven the state of the evidence and the totality of counsel's effort in [appellant's] behalf," his failure to request an instruction on accomplice-witness testimony "did not constitute deficient performance" and (2) "[i]rrespective of whether counsel was deficient in failing to request an accomplice witness instruction, [appellant] was not prejudiced by the omission" because, "[g]iven the totality of the evidence, no reasonable probability exists that the trial outcome would have been different had the [accomplice-witness] instruction been included in the jury charge."

After remand, appellant argued to the court of appeals that he had "satisfied the requirements of the . . . *Strickland* test by establishing both deficient performance [on the part of trial counsel] and prejudice [to the defense]." The court of appeals rejected appellant's argument, however, and upheld the trial court's denial of appellant's motion for new trial and the trial court's judgment of conviction. *Davis v. State*, No. 07-07-0025-CR (Tex.App.–Amarillo, April 15, 2008), slip op. at 2 (not designated for publication). The court of appeals explained its decision as follows:

"Assuming *arguendo* that [trial counsel's] failure to request an accomplice witness instruction constitutes deficient performance [under *Strickland v. Washington*, 466 U.S. 668], the evidence unrelated to the accomplice's testimony sufficed to connect appellant to the crime charged. So too did it, by itself, provide [a] sufficient basis upon which a jury could rationally conclude, beyond a reasonable doubt, that appellant committed the burglary . . . . Given this, we now hold that there was not a reasonable probability that the outcome [of the guilt stage of trial] would have differed had the omission not occurred; consequently, the trial court did not err in denying a new trial." *Ibid*.

Appellant later filed a petition for discretionary review, which we granted. *See* Tex. R. App. Proc. 66.3(c). Before this Court, appellant argues that the court of appeals erred in rejecting his ineffective-assistance claim.[6] More specifically, appellant, again citing *Strickland v. Washington*, 466 U.S. 668, argues that: (1) "[t]he court of appeals erred . . . by equating 'reasonable probability that the result of the trial would have been different but for counsel's unprofessional error' with legal sufficiency of the evidence . . . to uphold a conviction" and (2) "[h]ad the appeals court conducted a proper review, it would have . . . found that the jury in Appellant's case, not having been correctly charged on the [law], was [allowed] to convict even absent corroboration [of the accomplice-witness testimony]." In response, the State argues that "[t]he Court of Appeals correctly analyzed whether [trial] counsel's omission, if deficient performance, prejudiced appellant."

The Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right to counsel applies in all state criminal prosecutions in which, as in this case, the defendant is accused of a felony offense. *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). This right is not merely the right to have counsel physically present in the courtroom; it is the right to have

---

[6] Before this Court, appellant does not challenge the court of appeals's holding that he was not egregiously harmed by the trial court's failure to instruct the jury on accomplice-witness testimony.

the effective assistance of counsel in the courtroom. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970).

In *Strickland v. Washington*, 466 U.S. 668, the Supreme Court established a two-prong test for evaluating ineffective-assistance claims. To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id*. at 687. The second prong of the *Strickland* test is generally met by showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 692.

In the instant case, the trial court found, as a matter of fact, that trial counsel's failure to request an instruction on accomplice-witness testimony was due simply to oversight and was not part of any trial strategy. That finding of fact is supported by trial counsel's testimony at the hearing on appellant's motion for new trial.

The trial court also concluded, as a matter of law, that trial counsel's failure to request an instruction on accomplice-witness testimony did not constitute deficient performance. We disagree with that conclusion. Because the State's case for conviction depended heavily on the testimony of Justin Schimpf, who was an accomplice witness as a matter of law, trial counsel should have requested an instruction on accomplice-witness testimony, and his failure to do so rendered his performance objectively deficient. *Ex parte Zepeda*, 819 S.W.2d 874, 877 (Tex.Crim.App. 1991). Trial counsel's failure to act allowed the jury to base its verdict on Schimpf's testimony alone, without regard to whether the jury believed any of the corroborating evidence. Appellant has met the first prong of the *Strickland* test.

But has appellant met the second prong? We conclude that he has not. The record reflects that there was presented at trial a significant amount of non-accomplice evidence–the testimony of Schraag, Miller, and Hill–that tended to connect appellant to the offense committed, and the record reveals no rational basis on which the jury could have doubted or disregarded that evidence. That non-accomplice evidence, if believed, established that: (1) appellant was at or near the scene of the offense at or near the time of its commission; (2) he was in the company of the accomplice, Justin Schimpf, at or near the time of the offense; (3) he loitered and acted suspiciously at or near the scene of the offense, for no apparent reason, for several hours shortly before the offense was committed; and (4) shortly after the offense was committed and not far from where it was committed, he sold a video-game player that matched the description of the video-game player taken during the offense.[7] Given the quantity and quality of the non-accomplice evidence that tended to connect appellant to the offense committed, we discern no reasonable probability that, but for counsel's deficient performance, the result of the guilt stage would have been different.

Although we agree with the court of appeals (and the trial court) that appellant did not meet the second prong of the *Strickland* test, we do not agree with the reasoning employed by the court of appeals. As we understand the opinion of the court of appeals, that court reasoned that there was no reasonable probability that, but for trial counsel's error, the result of the guilt stage would have been different because the non-accomplice evidence: (1) "sufficed to connect appellant to the crime

---

[7] We have recognized before that evidence that the defendant was at or near the scene of the offense at or near the time of its commission, coupled with other suspicious circumstances, tends to connect the defendant with the offense within the meaning of Article 38.14. *Cawley v. State*, 310 S.W.2d 340, 342 (Tex.Crim.App. 1957). We have also recognized that evidence that the defendant was in the company of the accomplice at or near the time of the offense, coupled with other suspicious circumstances, tends to connect the defendant with the offense within the meaning of the statute. *Gill v. State*, 873 S.W.2d 45, 49 (Tex.Crim.App. 1994).

charged" and (2) "provide[d] [a] sufficient basis upon which a jury could rationally conclude, beyond a reasonable doubt, that appellant committed the [crime charged]." In our view, if trial counsel performs deficiently in failing to request an accomplice-witness instruction, then the question of whether there is a reasonable probability that, but for counsel's deficient performance, the result of the guilt stage would have been different will *not* turn simply on whether the non-accomplice evidence sufficed to connect the defendant to the crime charged or even whether such evidence would itself support the verdict of guilt. Rather, that question will generally turn on whether there was a substantial amount of non-accomplice evidence and whether the record reveals any rational basis on which the jury could have doubted or disregarded that evidence. *Compare Herron v. State*, 86 S.W.3d 621, 631-34 (Tex.Crim.App. 2002) (where trial court erroneously refused defense counsel's request for accomplice-witness instruction, error was harmless because there was substantial non-accomplice evidence presented and record revealed no rational basis on which jury could have doubted that evidence). We hasten to add that each case must be judged on its own unique facts.

Because appellant did not meet the second prong of the *Strickland* test, the trial court, on remand, did not abuse its discretion in denying his motion for new trial, and the court of appeals did not err in upholding the trial court's denial of that motion and in upholding the trial court's judgment of conviction. We affirm the judgment of the court of appeals.

DELIVERED FEBRUARY 25, 2009

PUBLISH