

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00112-CR
### NO. 02-11-00113-CR
### NO. 02-11-00114-CR

BOBBY FITZGERALD LEWIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 97TH DISTRICT COURT OF CLAY COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A grand jury indicted Appellant Bobby Fitzgerald Lewis in three separate causes—two alleging the offense of continuous sexual abuse of a young child and one alleging aggravated sexual assault. At the consolidated jury trial in March 2011, fifteen-year-old K.W. testified that Lewis sexually assaulted her on multiple occasions between November 2008 and December 2009, fifteen-year-

---

[1]*See* Tex. R. App. P. 47.4.

old C.C. testified that Lewis sexually assaulted her on multiple occasions between November 2008 and December 2009, and sixteen-year-old L.G. testified that Lewis sexually assaulted her on one occasion in October 2008. The jury convicted Lewis in each cause and assessed his punishments at forty years' confinement for the continuous sexual abuse conviction involving K.W., thirty years' confinement for the continuous sexual abuse conviction involving C.C., and ten years' confinement for the sexual assault conviction involving L.G.[2] The trial court sentenced Lewis accordingly. Lewis appeals.

In his first point, Lewis argues that the trial court "erred by admitting into evidence that the three alleged victims' videotaped statements made to a 'forensic interviewer' were not deceptive and not inconsistent." Expert testimony that a particular witness is truthful is inadmissible under rule of evidence 702. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). An expert may not offer a direct opinion on the truthfulness of a child complainant's allegations. *Schultz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh'g).

CPS Investigator Patricia Alford testified that K.W., C.C., and L.G. were interviewed in January 2010 at Patsy's House, a children's advocacy center

---

[2]The trial court ordered the sentences to run consecutively.

where alleged victims of child abuse are taken for interviewing. Alford watched each of the video-recorded interviews as they occurred via a monitor that was located in a separate room from where the interviews were conducted. At trial, Alford testified on direct examination as follows:

> Q. And as part of your training, are you trained to look for signs such as a victim being deceptive or anything of that nature?
>
> A. Yes.
>
> . . . .
>
> Q. And you watched the interview of [C.C.]?
>
> A. Yes.
>
> Q. And while that interview was being conducted, did you see any signs that she was being deceptive in any way?
>
> [Defense counsel]: Objection, Your Honor, calls for a conclusion.
>
> [Prosecutor]: Judge, I'm asking for her opinion based on her training and expertise.
>
> THE COURT: Overruled. Go ahead.
>
> A. No I did not.

We construe Alford's complained-of testimony as falling within the scope of the type of expert testimony deemed inadmissible in *Schultz* and *Yount*—an opinion as to the truthfulness of a witness. *See Schultz*, 957 S.W.2d at 59; *Yount*, 872 S.W.2d at 711. Therefore, we hold that the trial court abused its discretion by admitting Alford's inadmissible opinion testimony about C.C.'s truthfulness.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment. *See* Tex. R. App. P. 44.2. Lewis does not argue that the evidentiary-ruling error was constitutional error. We will therefore apply rule 44.2(b) and disregard the error if it did not affect Lewis's substantial rights. *See* Tex. R. App. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

C.C. testified at length at trial about the prolonged sexual abuse that she experienced caused by Lewis. Defense counsel also thoroughly cross-examined C.C. about her allegations against Lewis. Consequently, in considering C.C.'s allegations against Lewis in C.C.'s own words, the jury had its own ample opportunity to both observe C.C.'s demeanor and to judge her credibility. We therefore hold that the trial court's error in admitting Alford's opinion testimony was harmless; we have fair assurance that it either did not influence the jury or

4

that it had but a slight effect on the jury. *See Solomon*, 49 S.W.3d at 365; *King*, 953 S.W.2d at 271.

The record demonstrates that Alford gave similar "truthfulness" opinion testimony about the allegations that K.W. and L.G. lodged against Lewis during their interviews at Patsy's House.[3] However, to the extent that Lewis's first point can be construed as additionally challenging these parts of Alford's testimony, Lewis did not preserve these arguments for appellate review because, unlike during Alford's testimony about C.C.'s allegations, defense counsel did not assert any objections when the State elicited Alford's opinion testimony about the allegations that K.W. and L.G. made against Lewis during their interviews at Patsy's House. *See* Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *see also Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (op. on reh'g) (providing that preservation of error is a systemic requirement that this court should review on its own motion). We overrule Lewis's first point.

In his second point, Lewis argues that his trial counsel was ineffective because she did not object when the State elicited Alford's opinion testimony about the allegations that K.W. and L.G. made against Lewis during their interviews at Patsy's House. To establish ineffective assistance of counsel, the

---

[3]Alford responded "No, I did not" to the following question: "[B]ased on your training and experience, did you see anything that led you to believe [K.W.] was being untruthful?" Alford responded "Yes" to this question: "[B]ased on your training and experience, did you find that [L.G.] was being truthful?"

appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result.[4] *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

The record demonstrates that like C.C., both K.W. and L.G. testified at trial that Lewis sexually assaulted them. Both were subject to thorough cross-examination, and the defense even recalled L.G. to testify during its case-in-chief. Thus, although Alford was able to express her opinion that both K.W. and L.G. were being truthful during their interviews at Patsy's House, the jury had an

---

[4]There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even that we address both components of the inquiry if the defendant makes an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

6

opportunity not only to hear K.W.'s and L.G.'s own testimony about the relevant events, but it also had ample opportunity to consider for themselves K.W.'s and L.G.'s demeanor and credibility. Also, the prosecution did not mention Alford's opinion testimony when it discussed the CPS investigation during its closing argument.[5] Lewis has not shown that there is a reasonable probability that, but for defense counsel's failure to object to Alford's opinion testimony about the allegations made by K.W. and L.G. at Patsy's House, the result of the trial would have been different. *See id.* at 694, 104 S. Ct. at 2068. Accordingly, Lewis's argument fails under the second *Strickland* prong. We overrule Lewis's second point.

In his third point, Lewis makes a type of cumulative effect argument, contending that he was denied his due process right to a fair trial due to a combination of the trial court's erroneous ruling regarding Alford's inadmissible opinion testimony about C.C.'s truthfulness and defense counsel's failure to object to Alford's opinion testimony regarding K.W.'s and L.G.'s truthfulness. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (stating that it is "conceivable that a number of errors may be found harmful in their

---

[5]Lewis argues that this case is like *Fuller v. State*, a case in which the appellate court concluded that the appellant's trial counsel was ineffective for failing to object to inadmissible "truthfulness" opinion testimony. 224 S.W.3d 823, 832–37 (Tex. App.—Texarkana 2007, no pet.). But *Fuller* is distinguishable because, unlike in this case, there were numerous witnesses who testified at trial that the complainant was truthful, several of whom were lay witnesses, and the State emphasized the objectionable testimony during its closing. *Id.* at 833–37.

7

cumulative effect"), *cert. denied*, 528 U.S. 1082 (2000).  Having determined that the trial court's error was harmless and that Lewis's ineffective assistance claim failed under the second *Strickland* prong, we cannot conclude that Lewis was denied due process.  We overrule Lewis's third point and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 15, 2012