02-11-112&113&114-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00112-CR

NO. 02-11-00113-CR

NO. 02-11-00114-CR

 

 


 
 
 Bobby Fitzgerald Lewis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 97th
District Court OF Clay COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
grand jury indicted Appellant Bobby Fitzgerald Lewis in three separate causes—two
alleging the offense of continuous sexual abuse of a young child and one alleging
aggravated sexual assault.  At the consolidated jury trial in March 2011, fifteen-year-old
K.W. testified that Lewis sexually assaulted her on multiple occasions between
November 2008 and December 2009, fifteen-year-old C.C. testified that Lewis
sexually assaulted her on multiple occasions between November 2008 and December
2009, and sixteen-year-old L.G. testified that Lewis sexually assaulted her on
one occasion in October 2008.  The jury convicted Lewis in each cause and assessed
his punishments at forty years’ confinement for the continuous sexual abuse
conviction involving K.W., thirty years’ confinement for the continuous sexual
abuse conviction involving C.C., and ten years’ confinement for the sexual
assault conviction involving L.G.[2]  The trial court
sentenced Lewis accordingly.  Lewis appeals.

          In
his first point, Lewis argues that the trial court “erred by admitting into
evidence that the three alleged victims’ videotaped statements made to a
‘forensic interviewer’ were not deceptive and not inconsistent.”  Expert
testimony that a particular witness is truthful is inadmissible under rule of
evidence 702.  Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App.
1993).  An expert may not offer a direct opinion on the truthfulness of a child
complainant’s allegations.  Schultz v. State, 957 S.W.2d 52, 59 (Tex.
Crim. App. 1997).  We review a trial court’s admission or exclusion of evidence
for an abuse of discretion.  Montgomery v. State, 810 S.W.2d 372, 379
(Tex. Crim. App. 1990) (op. on reh’g).

          CPS
Investigator Patricia Alford testified that K.W., C.C., and L.G. were
interviewed in January 2010 at Patsy’s House, a children’s advocacy center
where alleged victims of child abuse are taken for interviewing.  Alford watched
each of the video-recorded interviews as they occurred via a monitor that was
located in a separate room from where the interviews were conducted.  At trial,
Alford testified on direct examination as follows:

          Q.      And
as part of your training, are you trained to look for signs such as a victim
being deceptive or anything of that nature?

 

          A.      Yes.

 

                   . . . .

 

          Q.      And
you watched the interview of [C.C.]?

 

          A.      Yes.

 

          Q.      And
while that interview was being conducted, did you see any signs that she was
being deceptive in any way?

 

                             [Defense
counsel]:  Objection, Your Honor, calls for a conclusion.

 

                             [Prosecutor]: 
Judge, I’m asking for her opinion based on her training and expertise.

 

                             THE
COURT:  Overruled.  Go ahead.

 

          A.      No
I did not.

We
construe Alford’s complained-of testimony as falling within the scope of the
type of expert testimony deemed inadmissible in Schultz and Yount—an
opinion as to the truthfulness of a witness.  See Schultz, 957 S.W.2d at
59; Yount, 872 S.W.2d at 711.  Therefore, we hold that the trial court
abused its discretion by admitting Alford’s inadmissible opinion testimony
about C.C.’s truthfulness.

          Having
found error, we must conduct a harm analysis to determine whether the error
calls for reversal of the judgment.  See Tex. R. App. P. 44.2.  Lewis
does not argue that the evidentiary-ruling error was constitutional error.  We
will therefore apply rule 44.2(b) and disregard the error if it did not affect Lewis=s
substantial rights.  See Tex. R. App. P. 44.2(b); see Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict.  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct.
1239, 1253 (1946)).  Conversely, an error does not affect a substantial right
if we have Afair assurance that the error did not
influence the jury, or had but a slight effect.@  Solomon
v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

          C.C.
testified at length at trial about the prolonged sexual abuse that she
experienced caused by Lewis.  Defense counsel also thoroughly cross-examined
C.C. about her allegations against Lewis.  Consequently, in considering C.C.’s
allegations against Lewis in C.C.’s own words, the jury had its own ample
opportunity to both observe C.C.’s demeanor and to judge her credibility.  We therefore
hold that the trial court’s error in admitting Alford’s opinion testimony was
harmless; we have fair assurance that it either did not influence the jury or
that it had but a slight effect on the jury.  See Solomon, 49
S.W.3d at 365; King, 953 S.W.2d at 271.

          The
record demonstrates that Alford gave similar “truthfulness” opinion testimony
about the allegations that K.W. and L.G. lodged against Lewis during their
interviews at Patsy’s House.[3]  However, to the extent
that Lewis’s first point can be construed as additionally challenging these
parts of Alford’s testimony, Lewis did not preserve these arguments for
appellate review because, unlike during Alford’s testimony about C.C.’s
allegations, defense counsel did not assert any objections when the State
elicited Alford’s opinion testimony about the allegations that K.W. and L.G.
made against Lewis during their interviews at Patsy’s House.  See Tex.
R. App. P. 33.1(a)(1); Lovill v. State, 319 S.W.3d 687, 691–92 (Tex.
Crim. App. 2009); see also Wilson v. State, 311 S.W.3d 452,
473–74 (Tex. Crim. App. 2010) (op. on reh’g) (providing that preservation of
error is a systemic requirement that this court should review on its own motion). 
We overrule Lewis’s first point.

          In
his second point, Lewis argues that his trial counsel was ineffective because
she did not object when the State elicited Alford’s opinion testimony about the
allegations that K.W. and L.G. made against Lewis during their interviews at
Patsy’s House.  To establish ineffective assistance of counsel, the appellant
must show by a preponderance of the evidence that his counsel’s representation
fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel’s deficiency, the result of the
trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d
346, 352 (Tex. Crim. App. 2009).  The second prong of Strickland
requires a showing that counsel’s errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial with a reliable result.[4] 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other
words, appellant must show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

          The
record demonstrates that like C.C., both K.W. and L.G. testified at trial that
Lewis sexually assaulted them.  Both were subject to thorough
cross-examination, and the defense even recalled L.G. to testify during its
case-in-chief.  Thus, although Alford was able to express her opinion that both
K.W. and L.G. were being truthful during their interviews at Patsy’s House, the
jury had an opportunity not only to hear K.W.’s and L.G.’s own testimony about
the relevant events, but it also had ample opportunity to consider for
themselves K.W.’s and L.G.’s demeanor and credibility.  Also, the prosecution
did not mention Alford’s opinion testimony when it discussed the CPS investigation
during its closing argument.[5]  Lewis has not shown that
there is a reasonable probability that, but for defense counsel’s failure to
object to Alford’s opinion testimony about the allegations made by K.W. and
L.G. at Patsy’s House, the result of the trial would have been different.  See
id. at 694, 104 S. Ct. at 2068.  Accordingly, Lewis’s argument fails
under the second Strickland prong.  We overrule Lewis’s second point.

          In
his third point, Lewis makes a type of cumulative effect argument, contending
that he was denied his due process right to a fair trial due to a combination
of the trial court’s erroneous ruling regarding Alford’s inadmissible opinion
testimony about C.C.’s truthfulness and defense counsel’s failure to object to
Alford’s opinion testimony regarding K.W.’s and L.G.’s truthfulness.  See
Chamberlain v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (stating
that it is “conceivable that a number of errors may be found harmful in their
cumulative effect”), cert. denied, 528 U.S. 1082 (2000).  Having
determined that the trial court’s error was harmless and that Lewis’s
ineffective assistance claim failed under the second Strickland prong,
we cannot conclude that Lewis was denied due process.  We overrule Lewis’s
third point and affirm the trial court’s judgments.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]The trial court ordered
the sentences to run consecutively.





[3]Alford responded “No, I
did not” to the following question:  “[B]ased on your training and experience,
did you see anything that led you to believe [K.W.] was being untruthful?” 
Alford responded “Yes” to this question:  “[B]ased on your training and
experience, did you find that [L.G.] was being truthful?”





[4]There is no requirement
that we approach the two-pronged inquiry of Strickland in any particular
order, or even that we address both components of the inquiry if the defendant
makes an insufficient showing on one component.  Strickland, 466 U.S. at
697, 104 S. Ct. at 2069.





[5]Lewis argues that this
case is like Fuller v. State, a case in which the appellate court
concluded that the appellant’s trial counsel was ineffective for failing to object
to inadmissible “truthfulness” opinion testimony.  224 S.W.3d 823, 832–37 (Tex.
App.—Texarkana 2007, no pet.).  But Fuller is distinguishable because,
unlike in this case, there were numerous witnesses who testified at trial that
the complainant was truthful, several of whom were lay witnesses, and the State
emphasized the objectionable testimony during its closing.  Id. at 833–37.