02-11-355-CR COR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00355-CR

 

 









 
 
 Paul
 Johnson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 432nd District
 Court
  
 of
 Tarrant County (1229060D)
  
 November
 1, 2012
  
 Opinion
 by Justice McCoy
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bob McCoy








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00355-CR

 

 


 
 
 Paul Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury found Appellant Paul Johnson guilty of theft of property under $1,500 with
two prior theft convictions—one in 2005 and one in 2006—and assessed nine
years’ confinement after Macy’s loss prevention officer LaTosha Hollins and her
manager Justin Bennett stated that they saw Johnson go into a fitting room
carrying three shirts and two pairs of pants and emerge holding only one shirt
and one pair of pants.  Johnson was caught with the extra pair of pants
underneath his pants and the two shirts wrapped around his waist; these items
had a combined value of $183.  See Tex. Penal Code Ann. § 31.03(a),
(e)(4)(D) (West 2011 & Supp. 2012).

In
three related issues, Johnson argues that his trial counsel provided
ineffective assistance of counsel by exhibiting a consistent pattern of filing
improper, poorly constructed, and untimely motions.

To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex. Crim.
App. 2009).  The second prong of Strickland requires a showing that
counsel’s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial with a reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S.
Ct. at 2068.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id.  The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

Johnson
complains about his difficulty in meeting Strickland’s second prong, and
the tenor of his argument is that the burden required to meet it is too
onerous.  However, we are not at liberty to change Strickland’s
requirements.  See Ex parte Dangelo, 339 S.W.3d 143, 149 n.7 (Tex.
App.—Fort Worth 2010, pet. granted) (op. on reh’g) (“Texas courts are bound by
the United States Supreme Court’s interpretation of the federal constitution.”),
aff’d, Nos. PD-0769-11, PD-0770-11, 2012 WL 2327813 (Tex. Crim. App.
June 20, 2012).  Therefore, we overrule Johnson’s three issues, and having
overruled these issues, we affirm the trial court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

GABRIEL,
J., concurs without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 1, 2012









[1]See Tex. R. App. P. 47.4.