

# NUMBERS
# 13-12-00245-CR
# 13-12-00246-CR
# 13-12-00247-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRED CORONA, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

By a single issue, appellant Fred Corona contends he was denied effective assistance of counsel at his combined adjudication/revocation hearing in appellate cause numbers 13-12-245-CR, 13-12-246-CR, and 13-12-247-CR. We affirm.

I. BACKGROUND

In January 2011, pursuant to plea bargain agreements, appellant pleaded guilty to the following offenses: (1) in appellate cause number 13-12-245-CR, unauthorized use of a vehicle, a first-degree felony offense, *see* TEX. PENAL CODE ANN. § 31.07 (West 2011); (2) in appellate cause number 13-12-246-CR, one count of aggravated assault of a public servant, a first-degree felony offense, *see id.* § 22.02 (a)(2), (b)(2)(B), and one count of evading arrest or detention with a vehicle, a state jail felony offense, *see id.* § 38.04(a), (b)(1)(B) (West 2011)[1]; and (3) in appellate cause number 13-12-247-CR, three counts of fraudulent use or possession of identifying information, each a state jail felony offense. *See id.* § 32.51 (b)(1), (c)(1) (West 2011).[2] Pursuant to the agreements, the trial court deferred adjudication of appellant's guilt on the aggravated assault charge in appellate cause number 13-12-246-CR, placed him on community supervision for five years, and assessed a $1,500 fine. As to each of the remaining offenses, the trial court found appellant guilty, assessed a two-year state jail sentence and a $1,500 fine, suspended the sentence, and placed appellant on community supervision for five years, with all of those sentences to run concurrently.

The State filed motions to revoke appellant's community supervision in each case, alleging multiple violations of the conditions of appellant's community supervision. At a hearing on March 21, 2012, appellant pleaded "true" to the State's allegations in each case. The trial court found appellant violated the conditions of his community supervision as alleged by the State. The trial court adjudicated appellant guilty on the aggravated assault charge, revoked his community supervision, and assessed

---

[1] We note that subsequent amendments to this statute, which became effective in September 2011, are not applicable, and we therefore cite to the version of the statute in effect at the time of the offenses.

[2] Again, subsequent amendments to the statute are inapplicable, and we cite to the version of the statute in effect at the time of the offenses.

punishment at five years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. As to each of the other offenses, the trial court revoked appellant's community supervision and assessed punishment at two years' confinement in state jail, with all of the sentences, including the sentence for aggravated assault, to run concurrently.

In each cause, appellant filed a motion for new trial, alleging that he was denied effective assistance of counsel at his adjudication/revocation hearing. Following a hearing on May 3, 2012, the trial court denied the motions for new trial in each case. These appeals followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "To establish deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability

3

sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

### III. DISCUSSION

In each cause, appellant contends he was denied effective assistance of counsel at his adjudication/revocation hearing because his counsel failed to adequately investigate and advise the trial court of appellant's serious drug problem. According to appellant, if his counsel had learned of his drug problem and so advised the trial court, "there is a reasonable probability that the Court would have sentenced [a]ppellant to a drug rehabilitation program."

4

At the hearing on appellant's motions for new trial, appellant testified that he told his trial counsel that he had a drug problem and that his counsel told him that this information was not relevant. Appellant's trial counsel testified that he had no knowledge of appellant's drug problem and that he had asked appellant about drug usage and appellant denied having a drug problem. Counsel testified that if he had known of appellant's drug problem, he would have brought the issue to the trial court's attention.

We need not address this conflicting testimony, however, because appellant cannot establish the second prong of *Strickland*. At the conclusion of the new trial hearing, the trial court stated: "Had the evidence of drug use been brought to my attention, I would have done exactly the same thing, based upon the facts of the case." Even assuming, without deciding, that appellant's counsel's performance was defective, we conclude that the trial court's statement establishes that there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *See Ex parte Napper*, 322 S.W.3d at 248 (quoting *Strickland*, 466 U.S. at 694). We overrule appellant's sole issue in each cause.

## IV. CONCLUSION

We affirm the trial court's judgments in appellate cause numbers 13-12-245-CR, 13-12-246-CR, and 13-12-247-CR.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
16th day of May, 2013.