

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-12-00322-CR**
**NO. 02-12-00323-CR**
**NO. 02-12-00324-CR**
**NO. 02-12-00325-CR**
**NO. 02-12-00326-CR**
**NO. 02-12-00327-CR**
**NO. 02-12-00328-CR**
**NO. 02-12-00329-CR**
**NO. 02-12-00330-CR**
**NO. 02-12-00331-CR**
**NO. 02-12-00332-CR**
**NO. 02-12-00333-CR**

PEDRO DOMINGUEZ                                                      APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---
[1]*See* Tex. R. App. P. 47.4.

The Collins family hosted a Halloween party at their residence for the Arlington ISD gymnastics team on October 30, 2010. Later in the evening, after the guests had settled down to watch a movie, a group of men entered the house wearing bandanas or masks and, after refusing to identify themselves, pulled out guns and instructed everyone to lie face down on the floor. The men took cell phones, jewelry, and other items of value from the guests and homeowners and assaulted the father of one of the guests before leaving. Within a few days, however, the police tracked one of the stolen cell phones to an apartment where Appellant Pedro Dominguez lived and discovered numerous items that had been taken during the robbery.

A grand jury indicted Dominguez for burglary of a habitation and eleven separate offenses of aggravated robbery with a deadly weapon. Dominguez initially entered a plea of guilty to the burglary offense but later changed his plea to not guilty. A jury convicted Dominguez of all the indicted offenses and assessed his punishment at twenty years' confinement for the burglary conviction and ninety-nine years' confinement for each aggravated robbery conviction. The trial court sentenced Dominguez accordingly.

In a single point, Dominguez argues that his trial counsel was ineffective because counsel mistakenly advised him to plead guilty to the burglary offense. Dominguez contends that his trial counsel "truly meant to have Appellant enter a plea of 'guilty' to another burglary offense that he had been charged with in

2

another case" and that the mistake "removed the trial strategy that was evidenced by the defense's case-in-chief."

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

We have reviewed the entire record. Although Dominguez pleaded guilty to the burglary offense at the outset of trial, the trial court permitted him to change his plea to not guilty later in the trial. Dominguez also took the stand and testified that he did not commit the indicted offenses, and he called a number of witnesses to testify on his behalf. Thus, to the extent that Dominguez complains

3

about the effect that his changing pleas had on his trial strategy, the record reflects that he had ample opportunity to clarify and establish his defense to the State's allegations. We also note that the State presented a substantial amount of evidence to support its claims that Dominguez committed the burglary and aggravated robberies.[2] For these reasons, Dominguez has not shown that there is a reasonable probability that the result of the trial would have been different had his trial counsel not initially advised him to plead guilty to burglary. His argument therefore fails under the second *Strickland* prong. *Id.* at 694, 104 S. Ct. at 2068. Accordingly, we overrule Dominguez's only point and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

GABRIEL, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 30, 2013

---

[2]The State called twenty-one witnesses and introduced over 150 exhibits.

4