

NUMBER 13-14-00734-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA JAMES OZUNA,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

**On appeal from the County Court at Law
of Kerr County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Garza**

Appellant Joshua James Ozuna pleaded nolo contendere to possession of less

than two ounces of marihuana in a drug-free zone, a Class A misdemeanor offense. *See*

TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(1), 481.134 (West, Westlaw through

2015 R.S.).[1]  The trial court assessed punishment at forty days' confinement in county jail and a $1,200.00 fine, plus payment of court costs and attorney's fees.  Appellant appeals from the denial of his motion for new trial.  By two issues, appellant contends:  (1) he was denied effective assistance of counsel; and (2) the trial court erred by imposing a sentence "without a plea or trial."  We affirm.

## I.  BACKGROUND[2]

The record is silent regarding the circumstances of the offense.  The clerk's record contains a motion for new trial, submitted by appellant's appellate counsel, which states:

> COMES NOW, Counsel for the Defendant and files this Motion for New Trial and would show unto the Court as follows:
>
> 1. This case was set for sentencing on October 14, 2014.
>
> 2. Defendant made known to his counsel, the District Attorney and the Court that prior to sentencing he wished to retain alternate counsel.
>
> 3. Counsel Pat Phillips was previously appointed for the Defendant.
>
> 4. Defendant had released Mr. Phillips, informed Counsel of same and retained Oscar Cantu.
>
> 5. Counsel moved to appear as Counsel of Record for the Defendant.
>
> 6. All parties initially denied knowledge of the events described above then declined to allow the requested relief.
>
> 7. Defendant wished to withdraw his plea and tender a defense.
>
> 8. The Defendant has a viable defense to the charge(s) and no such offer was made by his Court[-]appointed Counsel nor were any motions filed on his behalf.

---

[1] We note that section 481.134 of the Texas Health & Safety Code has been amended, but the amendments are not applicable to this case.

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).  The State has not filed a brief to assist us in our disposition of this case.

> Wherefore, premises considered, counsel moves this Court to Grant him a new trial in this matter, allow him to withdraw his plea and to any further relief, at law or in equity that he may be entitled to.

Appellant states that the motion was denied by operation of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the denial of a motion for new trial under an abuse of discretion standard. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Cueva v. State*, 339 S.W.3d 839, 856–58 (Tex. App.—Corpus Christi 2011, pet. ref'd). A trial court abuses its discretion by denying a motion for new trial only when its decision is arbitrary or unreasonable, or when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208; *Cueva*, 339 S.W.3d at 856–58. The ruling of the trial court is presumed to be correct, and it is the appellant's burden to establish the contrary. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, and "the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse." *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007) (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)). We do not substitute our judgment for that of the trial court. *Charles*, 146 S.W.3d at 208.

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable

or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at

851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

## II. DISCUSSION

### A. Ineffective Assistance

By his first issue, appellant complains that he was denied effective assistance of counsel. Specifically, he complains that his court-appointed counsel: (1) did not review or challenge any evidence offered by the State; (2) requested a pre-sentencing report that contained other alleged offenses; (3) did not object to the absence of any written waiver of jury trial in the record; and (4) did not inform appellant that he had the right to withdraw his plea any time before the trial court rendered judgment.

Of these complaints, the only one arguably raised to the trial court is that appellant "wished to withdraw his plea and tender a defense." The reporter's record reflects the sentencing hearing and consists of two-and-a-half pages. At the end of the sentencing hearing, after the trial court has assessed punishment, appellant responded, "Okay. That's cool." Appellant's mother attempted to raise an issue regarding appellant's "other new attorney," but the State objected and the trial court did not permit any further discussion.

Here, the sparse record is completely silent on the actions or alleged omissions of appellant's court-appointed counsel. The record contains nothing to support appellant's claims. We conclude that appellant's allegations of ineffectiveness are not firmly founded in the record. *See Bone*, 77 S.W.3d at 835.

Moreover, appellant has not shown that there is a reasonable probability that but

for trial counsel's alleged errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694. He argues only that, if appellant's court-appointed counsel had noted that there was no voluntary waiver form in the file, it would have allowed sufficient time for appellant's retained counsel to appear and provide a defense. In his motion for new trial, appellant asserts that he "has a viable defense," but does not identify the defense. We hold that appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. We overrule appellant's first issue.

## B. No Trial or Waiver

By his second issue, appellant contends that the sentence imposed by the trial court was "illegal as it was adjudged without a plea or trial." Appellant argues that there was "no adjudication" of guilt.

We disagree. The clerk's record contains the "Judgment and Sentence by Court," which stated, in relevant part:

> On October 14, 2014, the above-styled and numbered cause came before the Court for sentencing after a Pre Sentence Investigation had been ordered. The Defendant having pled open to the Court to the allegations in the State's complaint and information, the Court having reviewed the pre-sentence investigation report, hereby orders as follows:
>
> On October 14, 2014, this case came before the Court for review of the Pre-Sentence Investigation report and for sentencing. Evidence was presented by the parties and by probation; and the cause was submitted to the judge for sentencing.
>
> The defendant is hereby adjudged GUILTY of the offense of Possession of Marijuana in a Drug Free Zone, and having pled Nolo Contendere to the Class A misdemeanor, the date of the offense being JANUARY 8, 2014.

The remainder of the judgment recites the punishment assessed by the court. In addition,

6

at the beginning of the sentencing hearing, the prosecutor informs the trial court that "we pled the case and set it for a PSI." The record reflects that appellant pleaded nolo contendere and was adjudged guilty by the trial court. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


Dori C. Garza
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of September, 2015.