

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00171-CR

BILLY RAY BURDICK                                                APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Billy Ray Burdick appeals his conviction for possession of methamphetamine, contending in a single point that his lawyer was ineffective because she did not object to evidence offered during trial that sheriff's deputies also found a quantity of marihuana when they came upon Appellant in a pickup truck holding a syringe of methamphetamine in his hand. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts and Procedural History

A pickup truck followed Cynthia Jenkins into her trailer park late one night, coming to rest between a tree and the trailer across the street from Cynthia's driveway. Cynthia knew everyone's vehicle in the neighborhood but did not recognize this one. She had come home alone and sat in her car in her driveway, worried that it might be unsafe to venture out. She watched the pickup through her rearview mirror for about fifteen minutes.

The driver of the pickup was "just acting strange." His engine was off but the parking lights were on, and Cynthia saw him "coming from the front of the vehicle to the back of the vehicle, going back to the front of the vehicle, getting in, getting out of the vehicle, coming to the back of the vehicle, going back to the front of the vehicle" and at one point when he came out, he appeared to be ill, almost falling before going to the back, leaning on the tailgate, and hanging his head. Feeling she had seen enough, Cynthia called 911.

When Sheriff's deputies arrived, Corporal Gary Medlin went to talk to Cynthia while Deputy Dallas Cochran approached the pickup and shined his flashlight into it. Appellant, the sole occupant, was "seated in the driver's seat in a reclined position with his head back. He was wearing nothing but black shorts, and he was holding a syringe between his right finger and right thumb." Cochran also observed that on the center console beside Appellant "was a bent spoon with a little piece of cotton on it," which he knew from his previous fourteen years' law enforcement experience were "used to filter drugs before they go into a

2

needle." Cochran called Medlin over. The deputies opened the pickup truck door and ordered Appellant to drop the syringe. He tossed it gently to the side, and the deputies removed Appellant and arrested him for possession of a controlled substance.

As they removed Appellant from the truck, the deputies discovered and seized a baggie containing a green leafy substance they believed to be marihuana. They also seized the syringe, which contained a clear liquid substance that later chemical analysis showed was methamphetamine. Nearby where Appellant had tossed the syringe, the deputies retrieved the syringe's safety cap, a bent spoon, and a red baggie, which contained a powdery substance that later analysis also showed to be methamphetamine.

Appellant went to trial for possession of less than one gram of methamphetamine. There, Appellant's lawyer (Counsel) did not object when Cochran testified about having found marihuana in the pickup truck. But when the State offered the actual marihuana as an exhibit in evidence, Counsel did object, the objection was sustained, and the exhibit did not come in.

After the close of evidence at the guilt-innocence phase, the jury found Appellant guilty of possession of less than a gram of methamphetamine. Appellant then pled true to enhancement allegations in the indictment, the jury assessed thirteen years' confinement, and the trial court sentenced Appellant accordingly. Appellant filed a notice of appeal and a motion for new trial but

there is nothing in the record to indicate that he presented the motion for new trial to the trial court or that it was heard.

In his sole point on appeal, Appellant complains that Counsel provided constitutionally ineffective assistance of counsel because she did not object to testimony that the deputies also found marihuana when they arrested Appellant with a methamphetamine-loaded syringe in his hand. We disagree.

**Standard of Review**

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65

4

S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S. Ct. at 2068. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

After an appellant claiming ineffective assistance of counsel at trial has identified what he alleges are erroneous acts and omissions of counsel, the appellate court must determine whether, in light of all the circumstances, these identified acts or omissions were outside the wide range of competent assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper v. State*, 333 S.W.3d 859, 867 (Tex. App.—Fort Worth 2010, pet. ref'd). Although a single egregious error of omission or commission by counsel may constitute ineffective assistance, *Thompson*, 9 S.W.3d at 813; *see Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (holding that record was sufficient to allow decision on merits and that counsel rendered ineffective assistance by failing to object to prosecutor's misstatement of law), an isolated failure to object to certain procedural mistakes or improper evidence generally does not constitute ineffective assistance of counsel. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *see also Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an ineffective assistance claim must "be firmly founded in the record"), *cert. denied*, 543 U.S. 1059 (2005). Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); *see also Goodspeed v. State*, 187 S.W.3d 390, 391 (Tex. Crim. App. 2005) (holding that inquiry into counsel's conduct—failure to ask any questions during voir dire and exercise of peremptory challenges on jurors who had already been excused—was needed to determine whether performance was deficient);

6

*Edwards v. State*, 280 S.W.3d 441, 444 (Tex. App.—Fort Worth 2009, pet. ref'd). When the record is silent as to counsel's reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814.

**Discussion**

Appellant faults Counsel for not objecting to testimony that some marihuana was found in the pickup truck Appellant was sitting in when he was arrested for possessing methamphetamine. He claims that he "was denied the Sixth Amendment right to effective assistance of counsel because although the trial court sustained an extraneous offense evidence objection to other drugs[,] trial counsel forfeited that claim by allowing the evidence to be admitted elsewhere."

We do not take Appellant's claim literally as he has framed it because when a trial court *sustains* a party's objection to evidence, there is no appellate claim relating to that evidence for the party to forfeit; we will not declare Counsel ineffective for failing to preserve an appellate claim that never was. But Appellant also criticizes Counsel for having "exposed" the jury to "other extrinsic conduct evidence that was unfairly prejudicial." This is a claim we can understand: that Counsel was ineffective for not objecting to evidence that any reasonably competent attorney would have objected to and that the admission of that evidence accrued to Appellant's detriment.

Appellant argues that the State "did not legitimately need" the evidence, and in support he quotes *Hankton v. State*, in which our sister court observed that "admission of an extraneous offense oftentimes is cumulative of the proof established and serves only to demonstrate the accused's bad character." 23 S.W.3d 540, 546 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). That is certainly true as far as it goes: few would dispute that evidence that serves only to demonstrate an accused person's bad character is inadmissible. *See* Tex. R. Evid. 404.

But our rules of evidence make clear that evidence that would not be allowed if offered to prove only character may come in for other purposes. *See* Tex. R. Evid. 404(b). The State, for its part, ably argues that the testimony was admissible for at least two other purposes. One, as context to give the jury a full picture of the circumstances of the offense, and, two, to "affirmatively link" Appellant to the drugs for which he was on trial.

Although the admissibility of the testimony that Appellant now faults Counsel for not objecting to is not inconsequential, the real issue in this case is whether Counsel's representation was constitutionally deficient because she did not object.

Appellant offers *Hall v. State*, 161 S.W.3d 142 (Tex. App.—Texarkana 2005, pet. ref'd), as an example of a case in which our sister court held that a lawyer was ineffective for failing to object to extraneous offenses. But *Hall* is distinguishable in both quantity and quality of error claimed on appeal. In that

case, the court of appeals "identified three discernible deficiencies on the part of trial counsel" that combined for a hefty dose of ineffective assistance. *See id.* at 155–56. Hall's trial attorney failed to request a jury instruction on the requirement that accomplice-witness testimony be corroborated, failed to object to the prosecutor's commenting on Hall's post-arrest silence, and failed to object to numerous unadjudicated offenses, including credit-card fraud, aggravated assault, unlawfully discharging a firearm, and engaging in violent criminal activity, all of which the State referred to several times, while cross-examining Hall, as "gang-banging." *Id*. at 151–53. Appellant's complaint in this case—that Counsel failed to object to a single line of testimony—suffers by comparison.

Appellant also cites *Walker v. State*, 195 S.W.3d 250 (Tex. App.—San Antonio 2006, no pet.). But *Walker* offers no more support for his position than *Hall*. Whereas here, Appellant complains of Counsel's failure to object to a single line of testimony, in *Walker*, the court of appeals held that the trial attorney performed deficiently in no less than eight separate areas: (1) failing to ask any questions in voir dire about potential bias; (2) failing to investigate or interview Walker in detail about his criminal history or prior contacts with the complainant; (3) failing to seek discovery from the State; (4) failing to file and obtain rulings on a motion in limine to require the State to raise extraneous matters outside the presence of the jury; (5) failing to prepare Walker to testify; (6) failing to object to inadmissible extraneous offenses during guilt innocence; (7) inviting evidence of unadjudicated arrests during the punishment phase; and (8) failing to object to

9

the punishment charge's omission of a reasonable-doubt instruction.  *Id*. at 262–63.

Here, Appellant asks us to hold Counsel ineffective for failing to object to a single line of testimony that Appellant speculates the trial court would have excluded if an objection had been raised.  But even if we agreed with Appellant that the trial court might have sustained the objection he faults Counsel for not making, it does not necessarily follow that Counsel was ineffective for not making it.  As stated above, isolated failures to object to improper evidence generally do not amount to ineffective assistance of counsel.  *See Ingham*, 679 S.W.2d at 509.  And even if we were to hold that Counsel's failure to object was a mistake, we would not hold that it was so egregious as to constitute ineffective assistance.  *See Andrews*, 159 S.W.3d at 103; *Thompson*, 9 S.W.3d at 813.

Further, as the State correctly points out, there is no evidence in the record showing Counsel's reasons for not objecting as Appellant concludes she should have.  Although Appellant filed a motion for new trial, it did not allege that Counsel was ineffective—only that the verdict was contrary to the law and the evidence.  And there is nothing in the record to indicate that the motion was presented to the trial court or heard.  As previously indicated, we are reluctant to denounce a lawyer as ineffective before he or she is afforded an opportunity to explain his or her actions.  *See Rylander*, 101 S.W.3d at 111; *Edwards*, 280 S.W.3d at 444.  Because the record here is silent as to Counsel's reason for

failing to object, we are constrained to hold that Appellant has failed to rebut the presumption that Counsel acted reasonably.[2] *See Thompson*, 9 S.W.3d at 814.

Finally, even if Appellant had managed to surmount *Strickland's* first prong, he has made no attempt to scale the second. As the State puts it, Appellant "does not discuss, analyze, attempt to illustrate, or otherwise demonstrate how the alleged deficiencies of his trial counsel prejudiced his defense." That pretty much sums it up. Accordingly, we hold that Appellant has failed to meet his burden showing that Counsel was ineffective, and we overrule his sole point on appeal.

## Conclusion

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

LEE GABRIEL<br>
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 13, 2012

---

[2]Generally, in a case such as this in which there is no record relative to Counsel's decisions and actions, an appellant has a more appropriate remedy in seeking a writ of habeas corpus to allow him the opportunity to develop evidence to support his complaint. *See Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (noting that a postconviction writ proceeding is the preferred method for gathering the facts necessary to substantiate an ineffective assistance of counsel claim).