

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00455-CV

IN THE MATTER OF D.W.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The State filed a petition alleging that Appellant D.W. engaged in delinquent conduct on or about September 29, 2011, by committing burglary of a building and evading arrest or detention.[2]  At a subsequent hearing on the matter, D.W. stipulated that he had burglarized a Tetco convenience store in Arlington and that he had fled from a police officer when the officer attempted to stop D.W. later the same day.  The juvenile court referee found the charges true

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex Penal Code Ann. § 30.02 (West 2011), § 38.04 (West Supp. 2012).

and proceeded to a disposition hearing, during which the trial court admitted a Social History containing the following references:

- D.W. had a "Full Scale IQ [of] 77 (Borderline Range)" and a "Performance IQ of 70";

- "[T]hose working with [D.W.] should be made aware of his cognitive limitation";

- D.W. "needs to be evaluated for psychotropic medications based on recommendation in psychological evaluation in March 2011.  If JJAEP can't arrange this[,] then [D.W.] should be eligible for services through MHMR"; and

- "In home therapist will also inquire with mother as to why [D.W.] is on SSI and try to align needed services.  [D.W] has a lower Performance [IQ] which requires extra supervision and teaching."

The juvenile court referee adjudicated D.W. guilty of the alleged delinquent conduct and ordered him committed to the Texas Youth Commission for an indeterminate period.[3]

In a single point, D.W. argues that his trial counsel rendered ineffective assistance by failing "to investigate and . . . to seek mental health expert assistance in order to fully develop Appellant's mental health issues as mitigation that reduced his moral culpability."  D.W. describes the references in his Social History set out above as "red flags . . . that should have caused reasonably competent counsel to more fully investigate," and he contends that trial counsel never consulted with an expert, acquired mental health records, or sought out a

---

[3]The district court approved both the judgment of delinquency and order of commitment.

mental health expert to assist "in developing mitigating or diminished capacity evidence."

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must

3

affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *See Patterson v. State*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.). Regarding D.W.'s general contention that trial counsel was ineffective for not investigating D.W.'s "mental health issues," the record is silent as to the extent of trial counsel's investigation, if any. D.W. did not file a motion for new trial raising and developing this issue, nor is there any evidence contained in any other part of the record illuminating the extent to which trial counsel investigated D.W.'s mental health. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (declining to assume that counsel made no investigation into insanity defense simply because record was silent regarding counsel's investigation into insanity defense). Likewise, as for D.W.'s specific argument that trial counsel was ineffective for not seeking the appointment of a defense mental health expert, assuming without deciding that D.W. would have been entitled to such an expert,[4] the record is silent regarding trial counsel's strategy in not requesting an

---

[4]A defendant is entitled to the assistance of a mental health expert when the defendant's sanity is likely to be a significant factor at trial. *Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S. Ct. 1087, 1091–92 (1985).

expert.  *See Birdow v. State*, No. 14-07-01098-CR, 2009 WL 62950, at *2 (Tex. App.—Houston [14th Dist.] Jan. 13, 2009, pet. ref'd) (mem. op., not designated for publication) (reasoning similarly); *Maldonado v. State*, No. 14-03-00074-CR, 2004 WL 234377, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2004, pet. ref'd) (mem. op., not designated for publication) (same).  And considering the references contained in the Social History relating to D.W.'s mental health, we cannot conclude that this is one of those rare cases in which trial counsel's alleged conduct was "so outrageous that no competent attorney would have engaged in it."  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Accordingly, in light of the strong presumption of reasonable professional assistance by trial counsel, and in the absence of any opportunity for trial counsel to explain her motives, we cannot conclude that D.W. met his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms.  *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.  D.W. has thus failed to satisfy the first *Strickland* prong.  We overrule D.W.'s sole issue and affirm the trial court's judgment and order.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  October 4, 2012

5