02-11-455-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00455-CV

 

 


 
 
 In the Matter of D.W.
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
State filed a petition alleging that Appellant D.W. engaged in delinquent
conduct on or about September 29, 2011, by committing burglary of a
building and evading arrest or detention.[2]  At a subsequent hearing
on the matter, D.W. stipulated that he had burglarized a Tetco convenience
store in Arlington and that he had fled from a police officer when the officer
attempted to stop D.W. later the same day.  The juvenile court referee found
the charges true and proceeded to a disposition hearing, during which the trial
court admitted a Social History containing the following references:

·       
D.W.
had a “Full Scale IQ [of] 77 (Borderline Range)” and a “Performance IQ of 70”;

 

·       
“[T]hose
working with [D.W.] should be made aware of his cognitive limitation”;

 

·       
D.W.
“needs to be evaluated for psychotropic medications based on recommendation in
psychological evaluation in March 2011.  If JJAEP can’t arrange this[,] then
[D.W.] should be eligible for services through MHMR”; and

 

·       
“In
home therapist will also inquire with mother as to why [D.W.] is on SSI and try
to align needed services.  [D.W] has a lower Performance [IQ] which requires
extra supervision and teaching.”

The
juvenile court referee adjudicated D.W. guilty of the alleged delinquent
conduct and ordered him committed to the Texas Youth Commission for an
indeterminate period.[3]

          In
a single point, D.W. argues that his trial counsel rendered ineffective
assistance by failing “to investigate and . . . to seek
mental health expert assistance in order to fully develop Appellant’s mental
health issues as mitigation that reduced his moral culpability.”  D.W.
describes the references in his Social History set out above as “red flags . . . that
should have caused reasonably competent counsel to more fully investigate,” and
he contends that trial counsel never consulted with an expert, acquired mental
health records, or sought out a mental health expert to assist “in developing
mitigating or diminished capacity evidence.”

          To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex.
Crim. App. 2009).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A
reviewing court will rarely be in a position on direct appeal to fairly
evaluate the merits of an ineffective assistance claim.  Salinas, 163
S.W.3d at 740; Thompson, 9 S.W.3d at 813–14.  “In the majority of cases,
the record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel’s actions.”  Salinas, 163 S.W.3d at 740
(quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id.  (quoting Thompson, 9 S.W.3d at
813).  It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

          This
case demonstrates the “inadequacies inherent in evaluating ineffective
assistance claims on direct appeal.”  See Patterson v. State, 46
S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  Regarding D.W.’s general
contention that trial counsel was ineffective for not investigating D.W.’s “mental
health issues,” the record is silent as to the extent of trial counsel’s
investigation, if any.  D.W. did not file a motion for new trial raising and
developing this issue, nor is there any evidence contained in any other part of
the record illuminating the extent to which trial counsel investigated D.W.’s
mental health.  See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986) (declining to assume that counsel made no investigation into
insanity defense simply because record was silent regarding counsel’s
investigation into insanity defense).  Likewise, as for D.W.’s specific
argument that trial counsel was ineffective for not seeking the appointment of
a defense mental health expert, assuming without deciding that D.W. would have
been entitled to such an expert,[4] the record is silent
regarding trial counsel’s strategy in not requesting an expert.  See Birdow
v. State, No. 14-07-01098-CR, 2009 WL 62950, at *2 (Tex. App.—Houston [14th
Dist.] Jan. 13, 2009, pet. ref’d) (mem. op., not designated for publication)
(reasoning similarly); Maldonado v. State,
No. 14-03-00074-CR, 2004 WL 234377, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10,
2004, pet. ref’d) (mem. op., not designated for publication) (same).  And
considering the references contained in the Social History relating to D.W.’s
mental health, we cannot conclude that this is one of those rare cases in which
trial counsel’s alleged conduct was “so outrageous that no competent attorney
would have engaged in it.”  See Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005).

          Accordingly,
in light of the strong presumption of reasonable professional assistance by trial
counsel, and in the absence of any opportunity for trial counsel to explain her
motives, we cannot conclude that D.W. met his burden of showing by a
preponderance of the evidence that his trial counsel’s representation fell
below the standard of prevailing professional norms.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  D.W. has thus failed to satisfy
the first Strickland prong.  We overrule D.W.’s sole issue and affirm
the trial court’s judgment and order.

 

                                                                             

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  October 4, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00455-CV

 

 


 
 
 In
 the Matter of D.W.
  
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 323rd District
 Court
  
 of
 Tarrant County (323-95406J-11)
  
 October
 4, 2012
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment and order.  It is ordered that the
judgment and order of the trial court are affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 









[1]See Tex. R.
App. P. 47.4.





[2]See Tex Penal
Code Ann. § 30.02 (West 2011), § 38.04 (West Supp. 2012).





[3]The district court
approved both the judgment of delinquency and order of commitment.





[4]A defendant is entitled to
the assistance of a mental health expert when the defendant’s sanity is likely
to be a significant factor at trial.  Ake v. Oklahoma, 470 U.S. 68, 74,
105 S. Ct. 1087, 1091–92 (1985).