COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CESAR IVAN PACHECO, | § | No. 08-11-00237-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20050D06005) |
| | § | |

## **O P I N I O N**

Pursuant to a plea-bargain agreement, Cesar Ivan Pacheco pled guilty to the offenses of attempted capital murder and aggravated sexual assault.[1]   In accordance with the agreement, he was sentenced to 25 years' imprisonment.   Pacheco obtained permission from the trial court to appeal and now contends, in one issue, that his trial counsel provided ineffective assistance by failing to inform him that he would be removed from the United States as a consequence of his guilty pleas.   Based on the record before us, we conclude that Pacheco has failed to demonstrate that he received ineffective assistance.

### *Standard of Review*

A defendant is entitled to effective assistance of counsel when entering a guilty plea.   *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex.Crim.App. 2010).   To establish that his trial counsel provided ineffective assistance, Pacheco must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a

---

[1]  The State dismissed the charge of Burglary of a Habitation.

reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex.Crim.App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex.Crim.App. 1999).

In evaluating whether trial counsel's representation fell below the standard of prevailing professional norms, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813-14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740, *quoting Mallett*, 65 S.W.3d at 63. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740, *quoting Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different, we must be convinced that counsel's errors were so serious that they deprived the appellant of a fair trial; that is, a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In other words, an appellant bears the burden to establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id*. at 697, 104 S.Ct. at 2070.

## *Discussion*

Pacheco's allegation of ineffective assistance is not firmly founded in the record and the record fails to affirmatively demonstrate the alleged ineffectiveness.[2] Relying on *Padilla v. Kentucky*, -- U.S. --, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), Pacheco argues that trial counsel was required to tell him that he faced definite removal if he pled guilty to two violent felonies and that his counsel's failure to do so "amount[ed] to ineffective assistance . . . and would satisfy [*Strickland*'s] first prong." Pacheco asserts that he satisfied the second prong of *Strickland* because he "can only argue that it would be rational to conclude that had he been informed that his plea of guilty would subject him to mandatory removal from the U.S., he would not have entered his plea." We disagree.

Notwithstanding Pacheco's assertion to the contrary, *Padilla* did not discard *Strickland*'s

---

[2] The State argues that Pacheco did not preserve his claim of ineffective assistance for appellate review because he failed to present his complaint to the trial court, either at trial or in his motion for new trial. However, as the Texas Court of Criminal Appeals has made clear, an ineffective-assistance claim may be brought for the first time on appeal. *See Cannon v. State*, 252 S.W.3d 342, 347 n.6 (Tex.Crim.App. 2008), *citing Robinson v. State*, 16 S.W.3d 808, 810 (Tex.Crim.App. 2000).

requirement of establishing prejudice in addition to constitutionally deficient representation, nor did the Supreme Court in *Padilla* presume prejudice. *See* 130 S.Ct. at 1478, 1483-84 (holding that while Padilla's trial counsel's performace was constitutionally deficient when he told Padilla not to worry about his immigration status, remand was necessary to determine whether Padilla suffered prejudice); *Ex parte Ali*, 368 S.W.3d 827, 835 (Tex.App.--Austin 2012, pet. ref'd) ("*Padilla* did not change the standard for proving prejudice."). Pacheco is thus still required to prove prejudice by a preponderance of the evidence. He cannot do so, however, with the record he brings on appeal.

There is simply nothing in the record demonstrating a reasonable probability that the result of the proceeding would have been different *but for* the advice of trial counsel. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Pacheco did not assert in his motion for new trial or in an affidavit that if he had known he would be deported as a result of his guilty pleas, he would have instructed his trial counsel to try the case or to attempt to obtain a different plea bargain that did not have the same immigration consequences. Pacheco did not offer any evidence showing that the State would have considered such an alternative plea bargain or that the State and the trial court were willing to accept such a plea bargain for anything other than the offenses to which he pled guilty. Indeed, at Pacheco's guilty plea hearing, the trial judge informed Pacheco that he was lucky to receive a twenty-five-year sentence because "[i]f it was up to me or any jury in this county, you would have gotten life." *See Padilla*, 130 S.Ct. at 1485 ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."). Moreover, Pacheco did not submit an affidavit or introduce testimony from trial counsel explaining the motives behind his actions.

4

As established above, Pacheco failed to prove by a preponderance of the evidence that he would not have pled guilty but for his trial counsel's allegedly deficient conduct. We therefore conclude that Pacheco has not satisfied the *Strickland* test for ineffective assistance because he has failed to establish that he suffered harm as a result of his trial counsel's alleged error. *See Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. Pacheco's sole issue is overruled.

## CONCLUSION

Having overruled Pacheco's sole issue, we affirm the trial court's judgments.

December 19, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

5