COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 CESAR IVAN PACHECO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00237-CR
  
 Appeal from the
  
 41st
 Judicial District Court
  
 of El
 Paso County, Texas 
  
 (TC# 20050D06005) 
  
 
 


 

O
P I N I O N

            Pursuant to a plea-bargain agreement, Cesar
Ivan Pacheco pled guilty to the offenses of attempted capital murder and
aggravated sexual assault.[1]  In accordance with the agreement, he was
sentenced to 25 years’ imprisonment.  Pacheco
obtained permission from the trial court to appeal and now contends, in one issue,
that his trial counsel provided ineffective assistance by failing to inform him
that he would be removed from the United States as a consequence of his guilty
pleas.  Based on the record before us, we
conclude that Pacheco has failed to demonstrate that he received ineffective
assistance.

Standard of Review

A defendant is entitled to effective
assistance of counsel when entering a guilty plea.  Hill v.
Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985);
Ex parte Harrington, 310 S.W.3d 452,
458 (Tex.Crim.App. 2010).  To establish
that his trial counsel provided ineffective assistance, Pacheco must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex.Crim.App. 2009); Hernandez v. State, 988 S.W.2d 770, 770 n.3
(Tex.Crim.App. 1999).

In evaluating whether trial counsel’s
representation fell below the standard of prevailing professional norms, we
look to the totality of the representation and the particular circumstances of
each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).  The issue is whether counsel’s assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See Strickland, 466 U.S. at 688-89, 104
S.Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson,
9 S.W.3d at 813-14.  “In the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel’s actions.” 
Salinas, 163 S.W.3d at 740, quoting Mallett, 65 S.W.3d at 63.  To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Salinas, 163 S.W.3d at 740, quoting Thompson, 9 S.W.3d at 813.  It is not appropriate for an appellate court
to simply infer ineffective assistance based upon unclear portions of the
record.  Mata v. State, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different, we must be convinced that counsel’s errors were so serious
that they deprived the appellant of a fair trial; that is, a trial with a
reliable result.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  In other words, an appellant bears the burden
to establish that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S.Ct. at 2068. 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id.
at 697, 104 S.Ct. at 2070.

Discussion

            Pacheco’s allegation of
ineffective assistance is not firmly founded in the record and the record fails
to affirmatively demonstrate the alleged ineffectiveness.[2]  Relying on Padilla v. Kentucky, -- U.S. --, 130 S.Ct. 1473, 176 L.Ed.2d 284
(2010), Pacheco argues that trial counsel was required to tell him that
he faced definite removal if he pled guilty to two violent felonies and that
his counsel’s failure to do so “amount[ed] to ineffective assistance . . . and would
satisfy [Strickland’s] first prong.”  Pacheco asserts that he satisfied the second
prong of Strickland because he “can
only argue that it would be rational to conclude that had he been informed that
his plea of guilty would subject him to mandatory removal from the U.S., he
would not have entered his plea.”  We
disagree.

Notwithstanding
Pacheco’s assertion to the contrary, Padilla
did not discard Strickland's
requirement of establishing prejudice in addition to constitutionally deficient
representation, nor did the Supreme Court in Padilla presume prejudice.  See 130 S.Ct. at 1478, 1483-84 (holding that while Padilla’s trial
counsel’s performace was constitutionally deficient when he told Padilla not to
worry about his immigration status, remand was necessary to determine whether
Padilla suffered prejudice); Ex parte Ali,
368 S.W.3d 827, 835 (Tex.App.--Austin 2012, pet. ref’d) (“Padilla did not change the standard for proving prejudice.”).  Pacheco is thus still required to prove
prejudice by a preponderance of the evidence. 
He cannot do so, however, with the record he brings on appeal.

There is simply nothing
in the record demonstrating a
reasonable probability that the result of the proceeding would have been
different but for the advice of trial
counsel.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  Pacheco did not assert in his motion for new
trial or in an affidavit that if he had known he would be deported as a
result of his guilty pleas, he would have instructed his trial counsel to try
the case or to attempt to obtain a different plea bargain that did not have the
same immigration consequences.  Pacheco did
not offer any evidence showing that the State would have considered such an
alternative plea bargain or that the State and the trial court were willing to accept
such a plea bargain for anything other than the offenses to which he pled
guilty.  Indeed, at Pacheco’s guilty plea
hearing, the trial judge informed Pacheco that he was lucky to receive a twenty-five-year
sentence because “[i]f it was up to me or any jury in this county, you would
have gotten life.”  See Padilla, 130 S.Ct. at 1485 (“[T]o obtain relief on this type of
claim, a petitioner must convince the court that a decision to reject the plea
bargain would have been rational under the circumstances.”).  Moreover, Pacheco did not submit an affidavit
or introduce testimony from trial counsel explaining the motives behind his actions.

As established above, Pacheco failed
to prove by a preponderance of the evidence that he would not have pled guilty
but for his trial counsel’s allegedly deficient conduct.  We therefore conclude that Pacheco has not satisfied the Strickland
test for ineffective assistance because he has failed to establish that he
suffered harm as a result of his trial counsel’s alleged error.  See Strickland,
466 U.S. at 687-88, 104 S.Ct. at 2064-65. 
Pacheco’s sole issue is overruled.

CONCLUSION

            Having
overruled Pacheco’s sole issue, we affirm the trial court’s judgments.

 

 

 

December 19, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
The State dismissed the charge of Burglary of a Habitation.





[2]
The State argues that Pacheco did not
preserve his claim of ineffective assistance for appellate review because he
failed to present his complaint to the trial court, either at trial or in his motion
for new trial.  However, as the
Texas Court of Criminal Appeals has made clear, an ineffective-assistance claim
may be brought for the first time on appeal. 
See Cannon v. State, 252 S.W.3d 342, 347 n.6
(Tex.Crim.App. 2008), citing Robinson v.
State, 16 S.W.3d 808, 810 (Tex.Crim.App. 2000).