

NUMBER 13-13-00456-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELODY LABRY,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Melody Labry, pleaded guilty to burglary of a building other than a habitation, a state-jail felony, and was sentenced to two years in state jail. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011). The sentence was suspended and she was placed on community supervision for five years. The State filed a motion to revoke, alleging that Labry had violated various conditions of her community supervision.

The trial court granted the motion, revoked Labry's community supervision, imposed the original state jail sentence, and certified Labry's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). On appeal, Labry argues that (1) she was afforded ineffective assistance of counsel, and (2) the trial court abused its discretion in sentencing her. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

By her first issue, Labry contends that her trial counsel was ineffective, thereby depriving her of her Sixth Amendment right to counsel, *see* U.S. CONST. amend. VI, because he failed to provide the trial court with Labry's medical records and failed to argue that Labry's "numerous severe medical conditions prevent[ed] her from completing her probation requirements."[1]

To obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). The prejudice prong requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 248 (citing *Strickland*, 466 U.S. at 694). "A reasonable

---

[1] Labry testified at the revocation hearing that "I have a vertebrae in my neck and my back that needs surgery immediately they said and I have carp[a]l tunnel in both hands and I have a torn meniscus that I need surgery as well."

probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

Here, assuming but not deciding that the first *Strickland* prong is satisfied, we conclude that Labry cannot establish a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different. *See id.* At the revocation hearing, Labry pleaded true to violating several conditions of her community supervision. In particular, Labry conceded that she tested positive for cocaine, failed to report to her probation officer on one occasion, and failed to pay supervision fees. Labry argued at the hearing that her failure to report should be excused because she was in the hospital. However, she did not explain at the hearing, nor does she explain on appeal, how her medical conditions could have conceivably "prevented her" from paying supervision fees or abstaining from illegal drug use as required by the community supervision order. Therefore, even if counsel had introduced medical records and argued that Labry's medical conditions prevented her from complying with the community supervision requirements, the trial court still in all likelihood would have revoked her community supervision and sentenced her to the original state jail term. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("[O]ne sufficient ground for revocation will support the court's order to revoke probation."). We overrule Labry's first issue.

## II. IMPOSITION OF SENTENCE

By her second issue, Labry contends that the trial court abused its discretion "in sentencing [her] to the maximum sentence when her attorney failed to provide medical information to the court that should have been considered by the judge."[2] The sole

---

[2] To the extent that Labry suggests by this issue that her trial counsel was ineffective for failure to introduce her medical records, we have already overruled that issue. In any event, we note that challenges

3

authority Labry relies upon in support of this issue is a provision of the code of criminal procedure stating that the trial court, upon revoking a defendant's community supervision, may "reduce the term of confinement originally assessed" if "the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2013). However, Labry does not cite any authority, and we find none, indicating that a trial court errs when it declines to reduce the sentence pursuant to this statute. Indeed, the statute clearly provides that any reduction of the sentence in "the best interests of society and the defendant" is within the discretion of the trial court. *See id.* No abuse of that discretion has been shown here. We overrule Labry's second issue.[3]

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of February, 2014.

---

requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).

[3] To the extent that Labry's issue might be construed as arguing that her sentence was unconstitutionally excessive, she waived that issue by failing to raise it at trial or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a). Even if she had preserved that issue, it would lack merit because the two-year state jail term is within the limits prescribed by the penal code for a state-jail felony. *See* TEX. PENAL CODE ANN. § 12.35(a) (West 2011); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual.") (citing *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc)).