

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00253-CR

JARED ROBERT HILLERY                                APPELLANT

V.

THE STATE OF TEXAS                                       STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

Appellant Jared Robert Hillery filed a motion for rehearing directed to our June 26, 2014 memorandum opinion and judgment. Although we deny the motion for rehearing, we withdraw our prior opinion and judgment and substitute the following. *See* Tex. R. App. P. 49.3.

---

[1] *See* Tex. R. App. P. 47.4.

Hillery appeals from the trial court's revocation of his community supervision. In three issues, he asserts that he was adjudged guilty of and sentenced for an offense to which he did not plead guilty, his counsel was constitutionally ineffective, and the trial court abused its discretion by revoking his community supervision. We modify the trial court's judgment and affirm it as modified.

## I. BACKGROUND

### A. DEFERRED ADJUDICATION AND PETITIONS TO PROCEED TO ADJUDICATION

In 2008, Hillery was indicted for the aggravated robbery of Ronney Courtney by (1) threatening Courtney with or placing Courtney in fear of imminent bodily injury and (2) using a deadly weapon. *See* Tex. Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (West 2011). Hillery pleaded guilty to the lesser-included offense of "Robbery-Threats," i.e., the robbery of Courtney by threatening Courtney with or placing him in fear of imminent bodily injury or death. *See id.* § 29.02(a)(2). The trial court deferred adjudicating his guilt and placed him on community supervision for seven years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2013). The judgment deferring an adjudication, however, reflected that Hillery pleaded guilty to robbery causing bodily injury. *See* Tex. Penal Code Ann. § 29.02(a)(1).

On February 1, 2011, the State filed a petition to proceed to adjudication based on Hillery's alleged violation of several of the conditions of his community supervision. The State amended its petition on July 8, 2011. On November 7,

2011, the trial court amended the conditions of Hillery's community supervision to require Hillary to reside in a substance-abuse-felony-punishment facility (SAFP facility) until successful completion of the provided program (SAFP program). *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 14(a) (West Supp. 2013). Based on this amended condition, the State then moved to dismiss its petition, which the trial court granted.

On May 3, 2012, the trial court entered an order releasing Hillery from the SAFP facility because Hillery had successfully completed the SAFP program. The trial court, however, ordered Hillery to participate in a continuum-of-care treatment plan (COC treatment). *See id.* art. 42.12, § 14(c)–(d). On December 19, 2012, the State again filed a petition to proceed to adjudication based on Hillery's multiple violations of the terms of his community supervision. On February 21, 2013, the trial court continued Hillery's community supervision, ordered Hillery to complete a SAFP-relapse program, and dismissed the State's petition on the State's motion.

On March 4, 2013, the State again filed a petition to proceed to adjudication alleging several violations of Hillery's community-supervision conditions: (1) testing positive for cocaine use on October 2, 2012, (2) failing to complete the required community-service hours, and (3) failing to pay the required community-supervision fee. On April 26, 2013, the State amended its petition to add an allegation that Hillery also tested positive for alcohol use on January 3, 2013, did not complete COC treatment, refused to attend the SAFP-

3

relapse program, and failed to pay the monthly community-supervision fee on multiple occasions.

## B. ADJUDICATION HEARING

The same day the State amended its petition, the trial court held a hearing. Hillery pleaded not true to all the State's allegations. Hillery's community-supervision officer, Mary Jo Gutierrez, testified that Hillery tested positive for cocaine use on October 2, 2012, and for alcohol use not long before the hearing. Gutierrez stated that Hillery did not complete the COC treatment because "everything possible [was done] to try to rehabilitate him and he's not interested in being rehabilitated." Indeed, Hillery's discharge summary from the COC treatment showed that he was discharged because he "put forth minimal effort and may not benefit from further treatment" after he "started to manipulate staff and [was] defiant towards house rules." Gutierrez also testified that Hillery refused to "do" the SAFP-relapse program and did not complete his community-supervision hours. But she confirmed that Hillery had paid his community-supervision fees. Hillery testified that he did not take a drug test on January 3, 2013, he had not refused to go to the SAFP-relapse program, and he had successfully completed the initial SAFP program. He admitted that he had tested positive for cocaine use on October 2, 2012, but pointed out that he subsequently tested negative for cocaine use on October 12.[2] He denied having any trouble

---

[2]On rehearing, Hillery asserts that the record does not support our contention that he admitted he tested positive for cocaine on October 2, 2012.

4

during the COC treatment and stated that he failed to complete his service hours because he was never contacted by a supervision officer.

During closing argument, Hillery's counsel addressed Hillery's alleged refusal to participate in the SAFP-relapse program and referred to a document that continued Hillery's community supervision and ordered him to complete a SAFP-relapse program after he was released from COC treatment. The only order included in the clerk's record regarding the SAFP-relapse order is a typed notation at the bottom of the State's motion to dismiss its December 19, 2012 petition to adjudicate stating, "Defendant to be released to SAFPF Relapse." Counsel however produced a document signed by the trial court, counsel, and Hillery that had significant handwritten interlineations, which did not require successful completion of the SAFP-relapse program but only required Hillery's participation. Counsel, Hillery, and counsel for the State had initialed the interlineations. Gutierrez stated that she refused to sign the document because it "altered the contract," which caused "the clerk [to] refuse[] to certify it." The trial judge agreed that he had signed the document before the interlineations were made and stated that his firm policy is never to sign orders that include handwritten notations.

---

However, Hillery clearly admitted he took a drug test on October 2, 2012, when he stated that the subsequent positive result was false because he was not using drugs at the time of the test. Hillery did not admit that the test result was correct, but he implicitly conceded that the result of the test showed that he tested positive for cocaine use on October 2, 2012.

Hillery's counsel, the trial court, and counsel for the State engaged in a heated argument about the authenticity of the document and whether the interlineations had been approved by the trial court. It appears that the interlineations were made after the trial court signed the form order and were neither approved of by nor signed by the trial court. No version of the disputed document is part of the clerk's record.

## C. ADJUDICATION

In any event, the trial court found true the allegations that Hillery tested positive for cocaine in October 2012 and alcohol in January 2013, failed to successfully complete COC treatment, and refused to attend the SAFP-relapse program. The trial court then adjudicated Hillery guilty of "robbery by threats" and assessed his punishment at seven years' confinement. The judgment adjudicating Hillery's guilt, however, reflects that Hillery was adjudged guilty of "ROBBERY CAUSING BODILY INJURY – (LESSER INCLUDED OFFENSE OF COUNT ONE)."

## II. ERROR IN JUDGMENT

In his first issue, Hillery asserts that he is entitled to a new trial because he pleaded guilty to robbery by threats but was adjudged guilty of robbery causing bodily injury, which is not a lesser-included offense of aggravated robbery with a deadly weapon and by threat as alleged in the indictment. The State agrees that the judgment contains an error but asserts that we should reform the judgment "to make the record speak the truth."

Indeed, we may modify an incorrect judgment when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Here, the trial court orally adjudged Hillery guilty of robbery by threats, which is the offense Hillery clearly pleaded guilty to. Accordingly, we sustain Hillery's first issue and modify the trial court's judgment to correctly reflect that Hillery was adjudged guilty of the offense of robbery by threats, which is a lesser-included offense of the indicted offense and was the offense to which Hillery pleaded guilty. *See, e.g.*, *Huitt v. State*, No. 05-06-00632-CR, 2007 WL 1192266, at *5 (Tex. App.—Dallas Apr. 24, 2007, no pet.) (not designated for publication).

### III. DISCRETION TO REVOKE AND ADJUDICATE

In his third issue, Hillery argues that the trial court abused its discretion by finding the violation allegations true, revoking his community supervision, and adjudicating him guilty. Indeed, we review a trial court's decision to revoke community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*,

7

665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Id.* at 493–94. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Two lab reports admitted at the hearing reflected that Hillery tested positive for cocaine and alcohol use. The discharge summary from COC treatment showed that Hillery put forth minimal effort, had a bad attitude, and was defiant. He was discharged from COC treatment not because he had successfully completed the program but because he could not benefit from further participation based on his negative behaviors. Although Hillery denied these two allegations, the trial court was the sole judge of credibility and was in a position to believe Gutierrez's testimony over Hillery's. Further, although the evidence was hotly disputed regarding Hillery's refusal to participate in the SAFP-relapse program, proof of either of the other two violations was sufficient to support the revocation. We conclude that the State met its burden of proof on at least one violation allegation; therefore, the trial court did not abuse its discretion by revoking Hillery's community supervision. We overrule issue three.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Hillery asserts that his counsel was constitutionally ineffective because he: (1) failed to move for a continuance of the adjudication

8

hearing, (2) did not emphasize to the trial court that Hillery had successfully completed the SAFP program, (3) did not argue the absence of a detailed order sending Hillery to the SAFP-relapse program, (4) failed to object to the test result on the basis of hearsay and the Confrontation Clause, and (5) was unable to advocate for Hillery because of his dispute with the trial court over the altered, SAFP-relapse document.

The constitutional effectiveness of counsel's trial representation is examined under a two-pronged analysis: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Accordingly, direct appeal frequently is an inadequate vehicle for raising an ineffective-assistance-of-counsel claim such as Appellant's because the record is undeveloped. *See Menefield*, 363 S.W.3d at 592-93; *Thompson*, 9 S.W.3d at 813.

Here, there is absolutely no record by which we may determine counsel's strategy, if any, regarding the alleged deficiencies. Based on the lack of a record showing any facts explaining counsel's choices, Hillery's claim is more appropriately raised in a writ of habeas corpus. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Thus, we are unable to determine whether

9

counsel's performance was deficient in this case.[3]  *See Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813.

Even if we presumed deficient performance, Hillery cannot show prejudice from any of the alleged lapses either individually or cumulatively.  As recited above, sufficient proof of one violation is sufficient to support a revocation.  The record contained ample evidence that Hillery failed to successfully complete COC treatment.  Further, the allegation that Hillery tested positive for cocaine on October 2, 2012 was included in the State's March 4, 2013 petition to proceed to adjudication, which vitiates any argument that counsel should have requested a continuance.  Counsel had ample time to prepare a response to this violation allegation.  Although counsel did not object to the alleged hearsay nature of the cocaine test, Hillery did not dispute in his testimony that he tested positive for cocaine on October 2, 2012, but merely argued that the result was false and that a subsequent test was negative for cocaine use.  Either of these violations was sufficient to support the revocation; thus, any error by counsel did not prejudice Hillery.  *See, e.g.*, *Davis v. State*, No. 05-01-00657-CR, 2002 WL 461568, at *2 (Tex. App.—Dallas Mar. 27, 2002, pet. ref'd, untimely filed) (not designated for publication) (holding appellant could not show prejudice arising from trial counsel's alleged errors at revocation hearing because even if counsel had taken action, "appellant's probation was still subject to revocation").

---

[3]Hillery seems to concede that he cannot show deficient performance regarding counsel's failure to object to the drug-test reports.

We overrule Hillery's second issue.

## V.  CONCLUSION

We sustain Hillery's first issue and modify the judgment adjudicating Hillery's guilt to reflect that he was adjudged guilty of robbery by threats.  We overrule Hillery's second and third issues and, accordingly, affirm the judgment as modified.  *See* Tex. R. App. P. 43.2(b).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 14, 2014

11