

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00379-CR

CHRISTOPHER RYAN SIMONEK            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 1309515D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Christopher Ryan Simonek of one count of injury to an elderly individual and of one count of assault on a family member with a previous conviction and, thereafter, assessed punishment at imprisonment for two years and six years, respectively. In two points of error, Appellant contends

---

[1]*See* Tex. R. App. P. 47.4.

trial counsel rendered ineffective assistance and the trial court committed a double jeopardy violation. We affirm.

## I. The Indictment

In count one, the State alleged that on or about January 1, 2013, in Tarrant County, Appellant intentionally or knowingly caused bodily injury to E.S., an elderly person, by striking him with Appellant's fist. This is the offense of injury to an elderly individual. Tex. Penal Code Ann. § 22.04(a)(3) (West Supp. 2014). As alleged, the offense is a third degree felony. Tex. Penal Code Ann. § 22.04(f).

In count two, the State alleged that on or about January 1, 2013, in Tarrant County, Appellant intentionally or knowingly caused bodily injury to E.S., a member of Appellant's family or household, by striking him with his hand, and the State further alleged that before the commission of this offense, Appellant had been previously convicted of an assault with bodily injury against a member of Appellant's family or household on December 31, 2010, in County Criminal Court Number Ten of Dallas County. This is the offense of assault on a family or household member with a previous conviction. Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014). This offense is also a third degree felony. Tex. Penal Code Ann. § 22.01(b)(2)(A). Third degree felonies are punishable by imprisonment for any term of not more than ten years or less than two years and fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (West 2011).

The indictment also contained a repeat offender notice. The State alleged that before the commission of the above offense or offenses, Appellant was finally convicted of the felony offense of burglary of a habitation in the 372nd District Court of Tarrant County in February 2011. If found true, Appellant's range of punishment increased from a third degree to a second degree felony. Tex. Penal Code Ann. § 12.42(a) (West Supp. 2014). A second degree felony is punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West 2011).

## II. The Evidence and Verdicts

The complainant was Appellant's grandfather (Grandfather), who was sixty-nine at the time of the offense. Appellant was living with Grandfather. On New Year's Day 2013, Appellant and Grandfather got into an argument after Grandfather instructed Appellant to return home to clean his room. When they confronted each other, Appellant initially bumped Grandfather's chest with his hands. Grandfather responded by slapping Appellant's cheek with the open palm of his one good hand. Grandfather's other hand had been amputated years earlier. At some point Grandfather said, "Come on, boy, if you want to hit me, go ahead, get it over with." Appellant then hit Grandfather on the side of the head with his fist. This time Grandfather responded by telling Appellant he hit like a girl. Appellant then hit Grandfather near the eye and drew blood. Grandfather said he did not see the hit coming, and he said it hurt. The State also introduced

3

into evidence State's Exhibit 6—a December 31, 2010, judgment out of County Criminal Court Ten of Dallas County showing Appellant's conviction for assault family violence, a Class A misdemeanor, committed on December 16, 2010, and containing an affirmative finding of family violence.

The jury found Appellant guilty of count one—causing bodily injury to an elderly individual. The jury also found Appellant guilty of count two—assault on a family member after having been previously convicted of assault against a family member. Appellant does not attack the sufficiency of the evidence to support these convictions.

After hearing additional evidence, the jury found the repeat offender notice true and assessed punishment on the first count at imprisonment for two years and on the second count at imprisonment for six years. The jury assessed no fine on either offense. The trial court ordered the sentences to run concurrently.

### III. Appellant's First Point of Error / Ineffective Assistance

In his first point of error, Appellant complains that trial counsel rendered ineffective assistance by failing to voir dire the veniremembers regarding whether they could give him a fair trial notwithstanding the fact he had been previously convicted of an assault on a family member. Appellant notes that the second count required not only the commission of an assault on a family member but also a previous conviction for an assault on a family member. Appellant contends trial counsel should have questioned the veniremembers about whether the prior conviction would prejudice them.

4

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). In other words, for a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*,

5

163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813. This statement is true with regard to the deficient-performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)).

The prejudice prong of *Strickland* requires a showing that counsel's errors

6

were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

Appellant correctly asserts trial counsel did not address the effect the introduction of the prior conviction would have on the veniremembers should they become jurors. Our review of the voir dire shows, however, that the State questioned the veniremembers extensively about the prior conviction. Some of the veniremembers balked at the idea that a second offense against a family member constituted a third degree felony whereas a second offense against a neighbor remained a misdemeanor. Other jurors agreed with the added protection. Defense counsel started his voir dire by stating that the prosecutor had already covered the majority of what he wanted to go over. This may explain defense counsel's failure to address the prior family violence conviction during his own voir dire. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("[W]e cannot conclude that the failure to ask any questions in voir dire constitutes conduct so outrageous that no competent attorney would have engaged in it. Defense counsel's articulated reason for declining to ask

7

questions—that the prosecution's questioning adequately covered the defense's concerns—could be a legitimate trial strategy under the appropriate circumstances."); *cf. Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("An appellate court will not speculate about the reasons underlying defense counsel's decisions."). In any event, defense counsel then covered a number of topics, including the presumption of innocence, reasonable doubt, self-defense, why family violence was treated differently, consent or assent to contact, whether the veniremembers would be prejudiced against Appellant because the offenses involved an elderly person, and whether any of the venire would have a problem if the case resulted in a hung jury and had to be tried over by a different jury. Given the fact the prosecutor and the veniremembers addressed the prior family violence conviction, which defense counsel would have necessarily observed, and given the fact defense counsel raised other issues that probed for prejudices against his client, we conclude that on this record, in the absence of defense counsel having been given an opportunity to defend himself, his failure to further address the prior family violence conviction was not outrageous, much less "so outrageous that no other competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593; *see also Goodspeed*, 187 S.W.3d at 391 ("We must determine whether the failure to ask any questions during voir dire and the exercise of two peremptory challenges on jurors who had already been excused constitute performance that is so obviously deficient that inquiry into the reasons

8

for counsel's conduct becomes unnecessary. We hold that an inquiry into the reasons for counsel's conduct is still needed.")

Because Appellant has not shown his trial counsel's representation was deficient, we need not address whether any perceived deficiency prejudiced Appellant's case. We overrule Appellant's first issue.

### IV. Appellant's Second Point of Error / Double Jeopardy

In his second point of error, Appellant contends the trial court erred by convicting him twice for the same conduct. Appellant contends the evidence for both the injury-to-the-elderly offense and the assault-family-member offense was identical—Appellant assaulted his sixty-nine year old grandfather by punching his face, causing bodily injury. Appellant complains that he received two punishments for the same assaultive conduct and that the multiple punishments violated his Fifth Amendment protection against double jeopardy. U.S. Const. amend. V.

The question of multiple punishments in one trial is entirely an issue of legislative intent. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S. Ct. 673, 679 (1983); *Ex parte Hawkins*, 6 S.W.3d 554, 558 (Tex. Crim. App. 1999). When the legislature specifically authorizes cumulative punishments under two statutes, regardless of whether the two statutes proscribe the same conduct, a court's task of statutory construction is at an end, and the prosecutor may seek and the trial court and jury may impose cumulative punishments under such statutes in a single trial. *Hunter*, 459 U.S. at 368–69. Section 22.04(h) plainly authorizes

9

multiple punishments when the defendant engages in conduct that violates section 22.04 (the injury-to-the-elderly offense) and another penal code section; therefore, there is no double jeopardy violation. Tex. Penal Code Ann. § 22.04(h); *see Hunter*, 459 U.S. at 368–69; *Johnson v. State*, 208 S.W.3d 478, 510–11 (Tex. App.—Austin 2006, pet. ref'd). We overrule Appellant's second point of error.

## V. Conclusion

Having overruled both of Appellant's points of error, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 6, 2014